J-A04039-21

2021 PA Super 14

| | | |
|---|---|---|
| JESSICA C. REITZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW L. FLOWER | : | |
| | : | |
| Appellant | : | No. 1370 EDA 2020 |

Appeal from the Order Entered June 19, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  No. C-48-PF-2019-00446

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    Filed: January 28, 2021

Matthew L. Flower (Flower) appeals the order entered by the Court of Common Pleas of Northampton County (trial court).  He contends that the trial court abused its discretion by finding him in violation of a protection from abuse order (PFA order), 23 Pa.C.S. § 6108, based on conduct that was not specifically alleged in the complaint for indirect criminal contempt.  We agree and vacate the subject order.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

Flower and Jessica C. Reitz (Reitz) are ex-spouses whose interactions are strictly governed by the conditions of a PFA order.[1]  The PFA order prohibits Flower from contacting Reitz directly or indirectly by any means.  It also prohibits him from possessing firearms.  The trial court found these measures necessary for Reitz's protection in light of Flower's past conduct toward her, including numerous instances of physical abuse and harassment.

On May 20, 2020, Reitz filed a private complaint for indirect criminal contempt alleging that Flower violated conditions of the PFA order not to possess firearms.  *See* Indirect Criminal Contempt Private Complaint, 5/20/2020.  She asserted that on March 28, 2020, Flower had posted public photos of himself on Facebook in possession of weapons that he had been required to surrender:

> [Flower's] guns were never taken when initial PFA [order] was issued.  It is my understanding that he told the sheriff he doesn't have any, but he does.  Despite this, he is posting photos of himself armed at protests in Harrisburg.  He still has and is still using guns.

*Id*.

---

[1] The PFA order was entered on August 16, 2019, and it was set to expire three years from that date.  Its validity is not in dispute; nor is the conduct on the part of Flower that prompted it.

After the complaint was filed, Flower made additional public posts on his

Facebook account objecting about the mask mandate in force at his impending

court hearing:

> For those of you who refuse to wear a mask I'd like To [sic] bring your attention to an extremely important legal test that will be occurring this coming Friday at Northampton county court [sic] in Easton, Pennsylvania [sic] I have been issued an order to appear to defend contempt of a protection from abuse order regarding my appearance at a demonstration that was pro second amendment [sic] and against the Pennsylvania stay at home order.
>
> I appeared with a prop that appeared to be a firearm yet was not a weapon of any kind. I explained to court administration that I will not wear a mask and was told that I will not be admitted into court without one.
>
> I've [sic] then requested an accommodation of a phone hearing and was denied. I will appear at the courthouse as scheduled without a mask and will most assuredly be denied access. My attorney will then inform the judge that I believe I cannot be compelled to wear a face covering of any kind and a finding against me on that basis will constitute a violation of my constitutional right to due process.
>
> I have not heard any cases like this coming to date, but if you are aware of any I look forward to seeing any rulings or caselaw on the matter. I believe that compelling the wearing of masks is a form of Tyranny [sic] and governmental overreach, I need your support.
>
> Please share.

Contempt Hearing Transcript, 6/19/2020, at pp. 27-28 (Plaintiff's Exhibit 2).

In a related series of comments to the original Facebook post, Flower

later added that he was "not unwilling to turn the courthouse into a circus this

Friday if that's what it takes."[2] *Id*. at p. 27. He also described the contempt proceedings as "Petty nonsense from a vindictive woman with no legal basis." *Id*. at p. 28.

Soon after the contempt hearing began, defense counsel objected to the latter post as irrelevant because it did not relate to Flower's possession of firearms, which was the complaint's sole allegation of a violation of the PFA order. *See id*. at p. 21. The objection was overruled on the ground that if Flower's post were directed at Reitz, which it appeared to be, the communication would violate the PFA order's prohibition on contacting Reitz in any manner.

At the conclusion of the contempt hearing, the trial court found that Flower twice violated the PFA order by not turning in his firearms and making contact with Reitz through his Facebook post. As to the improper contact, the trial court reasoned as follows:

> He did, however, post about [Reitz], and he called her a vindictive woman and called her PFA contempt petty nonsense with no legal basis. I find that to be a violation of the PFA; that is harassing of her. And I find him guilty of contempt on that basis. And for purposes of the record, I will state very clearly, this is not a second amendment issue in this courtroom. The very limited issue before this court is whether or not he's in violation of the strict terms of

---

[2] At the contempt hearing, the trial court noted for the record that Flower had agreed to wear a mask in compliance with the mandate, just like everyone else in the courtroom. *See* Contempt Hearing Transcript, 6/19/2020, at pp. 21-22. Flower did not repeat his earlier claim that the mandate was a "tyrannical government overreach."

> the PFA. I find that he did violate the PFA [order] by harassing
> her for his words on the post.

*Id*. at p. 47. Defense counsel repeated its earlier objection to lack of notice, and it was again overruled.

At sentencing, the trial court modified its adjudication to reflect a single PFA violation of harassing Reitz in the Facebook post. It was determined that Flower had only been photographed brandishing a replica rifle and not an operable weapon. The local sheriff's department would not confirm or deny whether Flower had previously relinquished any firearms, so his possession of a weapon was unproven. Based on the single violation of the PFA, Flower was sentenced to a probationary period of six months, consecutive to any other pending terms. The PFA order was extended by that same period of time.

Flower timely appealed. Both Flower and the trial court complied with Pa.R.A.P. 1925. In his brief, Flower argues that the trial court violated his due process rights by finding him in violation of an uncharged offense. He also argues that the evidence of the offense was legally insufficient.

**II.**

**A.**

We first evaluate Flower's claim that he did not receive fair notice that he could be found in violation of the PFA order's prohibition on contacting Reitz.[3]

The United States Constitution guarantees the accused the right "to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.

Similar due process provisions in the Pennsylvania Constitution require "that the criminal information provide fair notice of every crime of which a criminal defendant is accused[.]" ***Commonwealth v. Sims***, 919 A.2d 931, 939-40 (Pa. 2007) (citations omitted); Pa. Const. art 1, § 9.  The notice "must be sufficiently specific so as to allow the defendant to prepare any available defenses should he exercise his right to a trial." ***Sims***, 919 A.2d at 939; ***see also Commonwealth v. Conaway***, 105 A.3d 755, 764 (Pa. Super. 2014) (same).

___

[3] "A question regarding whether a due process violation occurred is a question of law for which our standard of review is *de novo* and the scope of review is plenary." ***Commonwealth v. Tejada***, 161 A.3d 313, 317 (Pa. Super. 2017) (citation omitted).

For each charged offense in a criminal complaint, there must be "a summary of the facts sufficient to advise the defendant of the nature of the offense charged[.]" Pa.R.Crim.P. 504(6)(a); *see also Commonwealth v. Chamberlain*, 30 A.3d 381, 418 (Pa. 2011) (same). All of these protections apply with respect to private criminal complaints as well. *See* Pa.R.Crim.P. 506, cmt (stating that the content of private complaints is governed by Rule 504). "[O]ne charged with indirect criminal contempt is to be provided the safeguards which statute and criminal procedures afford." *Commonwealth v. Baker*, 722 A.2d 718, 720 (Pa. Super. 1998).

"Variations between allegations and proof at trial are not fatal unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right." *Commonwealth v. Bickerstaff*, 204 A.3d 988, 995 (Pa. Super. 2019) (quoting *Commonwealth v. Kelly*, 409 A.2d 21, 23 (Pa. 1979)).

"The general rule requiring conformity between the allegata and probata [allegations and proof] is intended to avoid the injustice that would result by confronting a defendant at trial with proof of a cause of action of which he was not put on notice and which he is not prepared to defend." *Stamus v. Dutcavich*, 938 A.2d 1098, 1102 (Pa. Super. 2007) (quoting *In re M.B.*, 514 A.2d 599, 600-01 (Pa. Super. 1986)).

**B.**

In this case, Flower argues that the private criminal complaint did not give him notice that the scope of the contempt proceedings would include the specific Facebook post referring to Reitz as a "vindictive woman." The trial court had determined that Flower was on notice because the complaint had cited the original Facebook post under which Flower's comment appeared. *See* Trial Court's 1925(a) Opinion, at 19.

However, the alleged improper conduct in the complaint was strictly limited to Flower's *possession of a firearm* as depicted in photographs taken on March 28, 2020. As such, Flower was only notified of the need to defend against the allegation that he possessed a weapon. He was *not* put on notice that he was alleged to be in violation of the PFA order due to posting a harassing communication to Reitz. As a result, the trial court's finding of indirect criminal contempt for the harassing conduct was improper and cannot be sustained.

We stress that our disposition leaves all conditions of the PFA order intact. Flower remains subject to prosecution for *any* violations of law that have yet to be fully adjudicated.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/21