J-S25031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: H.T. A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: PIKE COUNTY DISTRICT ATTORNEY'S OFFICE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 681 EDA 2021 |

Appeal from the Order Entered January 8, 2021
In the Court of Common Pleas of Pike County at No(s): CP-52-DP-
0000027-2020

| | | |
|---|---|---|
| IN THE INTEREST OF: M.T. A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: PIKE COUNTY DISTRICT ATTORNEY'S OFFICE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 682 EDA 2021 |

Appeal from the Order Entered January 8, 2021
In the Court of Common Pleas of Pike County at No(s): CP-52-DP-
0000028-2020

| | | |
|---|---|---|
| IN THE INTEREST OF: C.T. A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: PIKE COUNTY DISTRICT ATTORNEY'S OFFICE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 683 EDA 2021 |

Appeal from the Order Entered January 8, 2021
In the Court of Common Pleas of Pike County at No(s): CP-52-DP-
0000026-2020

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                     **FILED SEPTEMBER 22, 2021**

The Pike County District Attorney's Office (Pike County DAO) appeals from an order entered by the Court of Common Pleas of Pike County (dependency court) granting adoptive parents' motion, without notice, to produce its videos of forensic interviews for use in a dependency matter.[1] We dismiss as moot.

We take the following procedural history and background facts from our independent review of the record and the trial court's May 14, 2021 opinion.

## I.

The facts underlying this matter are limited and rather straight-forward. In December 2020, during a criminal investigation into allegations of child abuse, HT, MT, CT, CM and NB were interviewed at the Dickson House Children's Advocacy Center (CAC), a division of the Pike County DAO. All five children disclosed physical abuse by their adoptive parents, LT and BT. Pike

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Pike County DAO appeals pursuant to Rule 313(a), which provides that "[a]n appeal may be taken as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." The Pike County DAO's appeal claim, *i.e.*, that the court erred in granting the motion to compel without providing the Pike County DAO notice or the opportunity to be heard, is a collateral issue.

County Children and Youth Services (CYS) and DAO agents[2] were present and observed the interviews, as both offices were examining the alleged child abuse.

On December 16, 2020, based on the interviews, CYS filed an Application for Emergency Protective Custody of three of the five children interviewed, specifically HT, MT and CT (collectively the Children),[3] which the court granted on December 18, 2020. CYS then filed Dependency Petitions for the Children with a hearing scheduled for January 8, 2021. On January 6, 2021, counsel for the Children's adoptive parents, LT and BT, filed a Motion for Pre-Hearing Discovery, serving CYS, each of the Children's counsel and their shared Guardian *ad Litem* (GAL).

The next day, January 8, 2021, the court held a limited hearing on the motion. Counsel for CYS, the parents and the Children and the GAL stipulated that CYS would produce any relevant material, including text messages and photographs related to the dependency matter, as well as any medical records

---

[2] The CAC staff are appointed by the District Attorney and employed as members of the Pike County DAO. Forensic interviews of children are conducted at the CAC for suspected criminal offenses and of child witnesses to crime. (*See* Pike County DAO's Brief, at 13).

[3] The two other two children, N.B. and C.M., were removed by New York Child Protective Services. (*See* Application for Emergency Protective Custody, 12/16/20, at 2-3); (Dependency Petition, 12/21/20, at 2-3). As they were witnesses of the abuse alleged in the dependency proceeding herein, despite the Pike County DAO's claims, their interviews were relevant.

and forensic reports it received from the CAC. The parties agreed to briefly continue the January 8, 2021 dependency hearing in the event subpoenas were necessary or there were any discovery issues that the parties could not informally resolve. (*See* Stipulation, 1/08/21, at 1-2); (N.T. Motion Hearing, 1/08/21, at 2-4). The court issued an order memorializing the terms of the stipulation and directing the CAC to produce a copy of the forensic interviews of the five children by January 12, 2021, so that it and all counsel could see it *in camera* on January 13, 2021. The attorneys were instructed not to disseminate the contents of same. (*See* Order, 1/08/21, at 1-2).[4] The court noted that, "if there is any problem of compliance, there will be a new Order issued accordingly." (N.T. Hearing, 1/08/21, at 3).

On January 11, 2021, the Pike County DAO received notice of the trial court's January 8, 2021 order. It filed this appeal on January 12, 2021, in which it argues that the court erred in entering the January 8, 2021 order

---

[4] On April 23, 2021, the dependency court denied the Pike County DAO's motion for a transcript of the January 8, 2021 proceeding because the Pike County DAO was not a party to the dependency action. (*See* Order, 4/23/21) (citing Pa.R.J.A. 4000, *et seq*.). The order also stated that in any event, no transcribable proceeding occurred that day. This appears to have been a misstatement because the transcript was filed on March 12, 2021. (*See* Docket, CP-52-DP-0000026-2020, at 11). However, it was a very limited motion hearing, and the January 8, 2021 stipulation and order accurately reflect anything pertinent that was discussed.

because it failed to provide the DAO with due process, *i.e.*, notice and the opportunity to be heard, before doing so.[5, 6]

On January 13, 2021, counsel for the DAO, the CAC, CYS, the adoptive parents, the Children, as well as their GAL, met with the dependency court to view the videos of the forensic interviews. (*See* N.T. Stipulation, 1/13/21, at 2). After conferring off the record for over an hour, all counsel, including those for the DAO and the CAC, stipulated that the DAO/CAC would make the five forensic interview videos available to CYS for it to admit into evidence at the dependency proceedings. In exchange, CYS agreed not to call the Children as witnesses. Further, the DAO/CAC agreed to make the five videos available

_____

[5] The trial court did not order the submission of a Rule 1925(b) statement. On May 10, 2021, this Court ordered the Pike County DAO to file a statement of errors in this fast track appeal, which it did the same day. Furthermore, on May 10, 2021, the Court issued a Rule to Show Cause directing the Pike County DAO to respond as to whether it is an aggrieved party, and the Children filed a "Motion to Dismiss for Mootness," arguing that the Pike County DAO is not an aggrieved party because it stipulated to produce the disputed videos after the court entered its January 8, 2021 order and, in fact, did so. (*See* Motion to Dismiss for Mootness, 5/10/21, at 2) (pagination provided). The Pike County DAO responded to the motion after being ordered by this Court to do so and, on June 17, 2021, we denied the Motion to Quash without prejudice for the Children's counsel to raise the issue before the panel, which he has done.

[6] "Generally, on review of an order concerning discovery, an appellate court applies an abuse of discretion standard." *De Lage Landen Servs., Inc. v. Urban P'ship, LLC*, 903 A.2d 586, 592 (Pa. Super. 2006) (citation omitted). "A question regarding whether a due process violation occurred is a question of law for which our standard of review is *de novo* and the scope of review is plenary." *Reitz v. Flower*, 245 A.3d 723, 727 n.3 (Pa. Super. 2021) (citation omitted).

for viewing by parents' counsel, the GAL, and counsel for each of the Children, "as may be arranged with the [DAO]." (*Id.* at 9). The court reiterated that the contents of the forensic interviews were not to be disseminated other than as needed for the attorney/client relationship and that they would remain under seal if admitted into evidence. (*See id.*). Although present at all times, with full opportunity to speak, neither counsel for the Pike County DAO nor the CAC raised any issue about the January 8, 2021 order. Counsel for the DAO did not speak at all, and the CAC's attorney merely stated that it would ensure that all counsel had the opportunity to watch the videos.[7] (*See id.* at 6-7).

The court adopted the parties' and participants' stipulation and entered it as an order of court. (*See* Order, 1/13/21, at 1). The DAO/CAC released the videos pursuant to the terms of the January 13, 2021 stipulated order. On February 26, 2021, the court adjudicated the Children dependent.

## II.

Before reaching the Pike County DAO's claim, we must consider the Children's argument that the issue is moot because, after the appeal was filed, the Pike County DAO was afforded an opportunity to be heard before it released the subject videos and "provided counsel for the parents and for the [C]hildren a guided opportunity to view the recorded interviews based upon

---

[7] Nor does the Pike County DAO allege now that it ever did so.

an agreement between counsel." (The Children's Brief, at 14; *see id.* at 13, 15); *see M.B.S. v. W.E.*, 232 A.3d 922, 927 (Pa. Super. 2020) (addressing mootness claim before appellant's issue because this Court will not decide moot issue).

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*Id.* (citation omitted).

The Pike County DAO argues that a hearing should have been held before the January 8, 2021 order was issued "to afford the Pike County DAO the opportunity to create a factual record and inform the court of its position upon a request for production of criminal investigative materials." (Pike County DAO's Brief, at 16).

Even assuming *arguendo* that the Pike County DAO is correct and it should have had notice and an opportunity to be heard before the January 8, 2021 order was issued, vacating that order would have no effect. On January 13, 2021, during the pendency of this appeal, the intervening facts changed when the DAO/CAC and all other counsel were before the court and the DAO/CAC had the opportunity to be heard on its position regarding the videos' production. While this opportunity to be heard occurred after the January 8, 2021 order was entered, it was before the DAO/CAC stipulated to the

production on January 13, 2021. The court entered an order based on the stipulation, the DAO produced the forensic interviews, and the Children were adjudicated dependent based on them. Therefore, ruling on the Pike County DAO's issue regarding whether it should have had notice and an opportunity to be heard before the entry of the January 8, 2021 order would be merely advisory, with no force and effect. *See W.E.*, *supra* at 927. The Pike County DAO is due no relief and we dismiss its appeal as moot. *See id.* at 931 (dismissing appeal where issues are moot).

Appeal dismissed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/22/2021*