J-S38022-24

2024 PA Super 288

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE BLOOMER | : | |
| | : | |
| Appellant | : | No. 342 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 18, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-SA-0000269-2023

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

OPINION BY BECK, J.: **FILED DECEMBER 4, 2024**

George Bloomer ("Bloomer") appeals from the judgment of sentence entered by the Northampton County Court of Common Pleas ("trial court") following his conviction of summary harassment.[1] Upon review, we conclude that Bloomer waived appellate consideration of his claimed due process violation, and that the Commonwealth presented sufficient evidence to support his conviction. We further hold, as a matter of first impression, that section 9781(b) of the Sentencing Code, 42 Pa.C.S. § 9781(b), precludes our review of his claim challenging the discretionary aspects of his sentence because he was convicted of a summary offense. We therefore affirm the judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(3).

We glean the following factual and procedural histories from the certified record. Bloomer and Paul Hitzel ("Hitzel") are neighbors who live across an alleyway from each other. On May 30, 2023, Hitzel filed a private criminal complaint against Bloomer, accusing Bloomer of harassing him during two incidents on consecutive days. Bloomer pled guilty to summary harassment on August 23, 2023, and the magisterial district judge imposed a fine and costs of $468.75.

Bloomer filed a timely appeal from his summary conviction and the trial court held a trial de novo on December 18, 2023. Bloomer appeared pro se and moved to dismiss, which the trial court denied. At trial, the Commonwealth presented Hitzel as a witness, and the trial court admitted Hitzel's cell phone video recording of Bloomer. Bloomer did not present any evidence. At the conclusion of trial, the trial court found Bloomer guilty of summary harassment and sentenced him to one and one-half to three months of incarceration.[2] The trial court further ordered Bloomer to not have contact with Hitzel, undergo a mental health evaluation, and follow any recommended treatment.

On December 27, 2023, Bloomer filed a document entitled, "Motion for a Dismissal and/or Lessening of Sentence Imposed on Defendant as per Rule 720," in which he claimed that the trial court imposed an excessive sentence

_____

[2] The trial court stayed Bloomer's sentence pending appeal. N.T., 12/18/2023, at 35.

based on his "extremely low" criminal record; the trial judge's bias against him because he presided over Bloomer's trial for attempted homicide of Hitzel's father (of which a jury acquitted him); and the trial judge's "speculation" about Bloomer's mental health. The trial court denied the motion because, pursuant to Pa.R.Crim.P. 720(D), post-sentence motions are not permitted in summary appeals following a trial de novo. This timely filed appeal followed.

Bloomer presents the following issues for our review:

1. Did the trial court violate [] Bloomer's due process rights by eliciting testimony about purported incidents of harassment beyond the allegations in the criminal complaint?

2. Was the evidence insufficient to sustain [] Bloomer's conviction for summary harassment under [18 Pa.C.S. § 2709](a)(3) where his alleged criminality consisted of (a) one 30-minute incident involving non[-]obscene and non-threatening statements[,] (b) an undated incident where he purportedly called the police on the victim[,] and (c) an undated incident of purported "witness intimidation" which pre-dated the filing of criminal charges?

3. Did the trial court abuse its discretion by imposing a statutory maximum sentence of 1 and 1/2 to 3 months for a non-violent summary conviction where (a) the [magisterial district judge] only imposed a fine[,] (b) there was no proof that [] Bloomer had a criminal history[,] (c) the record did not support a mental health requirement[,] and (d) the trial court exhibited bias after presiding over [] Bloomer's acquittal of attempted homicide in 2019?

Bloomer's Brief at 4 (suggested answers omitted).

We begin with Bloomer's due process claim. Bloomer contends that the trial court violated his due process rights by eliciting testimony at trial that

went beyond the factual allegations in the private criminal complaint and using it as a basis for his summary harassment conviction. Bloomer's Brief at 11, 13.

By way of background, the private criminal complaint alleged two incidents of harassment: the first involved Bloomer yelling to Hitzel, while they were both outside, that Hitzel would "regret being a witness because karma is going to get you," and the second involved Hitzel hearing, from inside his home, Bloomer repeatedly yelling for approximately thirty minutes, "Hey Paul why are you collecting fraud social security for over twenty years." Priv. Crim. Compl., 5/30/2023, ¶ 2. At trial, Hitzel testified to a third incident in which Bloomer called the police as Hitzel played with a "bubble gun" with his children in his own yard, with Bloomer claiming the "bubble gun" was a threat directed at him and that the bubbles were unsafe for birds. N.T., 12/18/2023, at 13-14, 30.

Bloomer argues that Hitzel's testimony concerning this third "bubble gun" incident could not be used as a basis to support his summary harassment conviction because it was not contained in the private criminal complaint, in violation of his right to fair notice of facts sufficient to advise him of the nature of the offense charged. Bloomer's Brief at 11, 13-14; Bloomer's Reply Brief at 4-6 (citing **Reitz v. Flower**, 245 A.3d 723 (Pa. Super. 2021)). He argues that because the Commonwealth had to prove a "course of conduct" under subsection (a)(3) of the harassment statute, the third incident's omission from

the complaint was "critical and potentially dispositive," and the admission of this evidence thus warrants reversal. Bloomer's Brief at 15-16 (citing 18 Pa.C.S. § 2709(a)(3)).

The trial court found that Bloomer waived this issue on two bases: (1) his failure to raise the issue at trial and preserve it for appellate review; and (2) too vague a concise statement of errors in which Bloomer failed to identify the specific testimony he claimed went beyond the allegations in the complaint. Trial Court Opinion, 3/22/2024, at 2. "The issue of waiver presents a question of law, and, as such, our standard of review is de novo, and our scope of review is plenary." *Commonwealth v. Berrios*, 297 A.3d 798, 805 (Pa. Super. 2023) (citation and quotation marks omitted).

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Indeed, issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." *Berrios*, 297 A.3d at 805 (citation and quotation marks omitted). "In order to preserve a claim that the trial court erred in overruling an objection, a party must state the specific grounds of the objection." *Brown v. Halpern*, 202 A.3d 687, 708 (Pa. Super. 2019) (citing Pa.R.E. 103(a)(1)(B)).

The record reflects that Bloomer objected at trial to Hitzel's "bubble gun" testimony as speculative, which the trial court overruled. N.T., 12/18/2023,

at 30. Bloomer did not, however, raise a due process violation based upon the presentation of testimony beyond the allegations in the criminal complaint. *See id.* We therefore agree with the trial court's conclusion that Bloomer failed to preserve this issue for our review. *See* Pa.R.A.P. 302(a); Pa.R.E. 103(a)(1)(B); *Berrios*, 297 A.3d at 805; *Brown*, 202 A.3d at 708 (holding appellants failed to preserve for appellate review their claim that the trial court erred in overruling their objection to testimony because the specific ground for the objection at trial (hearsay) was different than that claimed on appeal (relevance)). Accordingly, Bloomer's first issue is waived and not reviewable by this Court on appeal.

For his second issue, Bloomer argues that the Commonwealth presented insufficient evidence to support his summary harassment conviction. Bloomer's Brief at 16-21. Bloomer challenges Hitzel's testimony as non-specific and speculative, pointing to Hitzel's inability to recall a specific date and "guess" that Bloomer was the one who called police about the "bubble gun."[3] *Id.* at 19. Bloomer further assails Hitzel's testimony concerning his threats based on Hitzel serving as a witness because Hitzel was not asked and

---

[3] In his second issue, Bloomer appears to also claim trial court error in overruling his objection to Hitzel's "bubble gun" testimony as speculative. *See* Bloomer's Brief at 19-20. To the extent he makes such a claim, it is waived for failure to raise it in his concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii).

did not provide a date for the incident and did not identify a specific legal proceeding in which Hitzel was a witness. *Id.* at 20.

Our Court's standard of review of a challenge to the sufficiency of the evidence is well settled:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (quotation marks and citations omitted). "[A] sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth. Instead, such arguments are more properly characterized as challenges to [the] weight of evidence." *Id.* at 1043 (citations omitted). The trial court, sitting as factfinder at a bench trial, "is free to believe all, part, or none of the evidence presented." *Commonwealth v. Williams*, 302 A.3d 117, 120 (Pa. Super. 2023) (quotation marks and citation omitted).

"A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person … engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose[.]" 18 Pa.C.S. § 2709(a)(3). A "course of conduct" is defined as "[a] pattern of actions

composed of more than one act over a period of time, however short, evidencing a continuity of conduct." *Id.* § 2709(f).

The trial court analyzed Bloomer's sufficiency claim as follows:

Here, the evidence established that while [Hitzel] was in his backyard playing with his children using a bubble gun, Bloomer called the police. Bloomer and [Hitzel] are neighbors. When police arrived, Bloomer claimed that [Hitzel] was threatening him and that the bubble gun was not safe for the birds. Next, Bloomer threatened [Hitzel], stating that he would regret being a witness against Bloomer concerning another matter. Finally, early one morning as [Hitzel] was sleeping, Bloomer stood outside the Hitzels' home and, for approximately thirty minutes, repeatedly stated in a loud voice, "Hey, Paul Hitzel, why are you committing Social Security fraud" over and over. Based upon the above testimony, it is clear that Bloomer engaged in a course of conduct and repeatedly committed acts that served no legitimate purpose other than to intentionally harass, annoy or alarm [Hitzel]. Therefore, the evidence was clearly sufficient to sustain Bloomer's conviction.

Trial Court Opinion, 3/22/2024, at 3-4.

The certified record confirms the trial court's findings. *See* N.T., 12/18/2023, at 10, 12-14, 16-19, 21, 25, 27, 30-31; Commonwealth Ex. 1 (Hitzel's cell phone video). Moreover, to the extent Bloomer challenges the credibility of Hitzel's testimony, such a claim goes to the weight of the evidence, not its sufficiency. *See Juray*, 275 A.3d at 1043. The trial court, sitting as factfinder, was the arbiter of credibility, free to believe all, part, or none of the Commonwealth's evidence. *See Williams*, 302 A.3d at 120.

Based upon our review, we conclude that the evidence at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to support

Bloomer's summary harassment conviction. *See Commonwealth v. Barzyk*, 692 A.2d 211, 214-15 (Pa. Super. 1997) (holding evidence of an incident on one date was part of a course of conduct and sufficient to sustain a harassment conviction under subsection (a)(3) where the victim visited a friend whose house was adjacent to the appellant's house and the appellant played, rewound, and replayed several times an audio tape of pig noises at a high volume while mocking the victim).

For his final issue, Bloomer argues that the trial court imposed a "manifestly excessive statutory maximum sentence for a non-violent summary conviction." Bloomer's Brief at 21. Specifically, he contends that the trial court should have imposed a lesser sentence because (1) the magisterial district judge imposed only a fine; (2) the record did not show that Bloomer had a criminal history; (3) the record did not support imposing a mental health condition; and (4) the trial judge exhibited bias against Bloomer because he presided over Bloomer's 2019 trial for attempted homicide. *Id.* at 22-25.

Bloomer challenges the discretionary aspects of his sentence for his summary conviction. Before we address the merits of this issue, however, we must determine whether we have jurisdiction to decide it. *See Commonwealth v. Collins*, 286 A.3d 767, 778 (Pa. Super. 2022) ("A challenge to the discretionary aspect of a sentence is not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must

invoke this Court's jurisdiction[.]") (citation omitted); ***see also Commonwealth v. Gaines***, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) ("We may raise issues concerning our appellate jurisdiction sua sponte.") (citation omitted). This inquiry involves a question of statutory interpretation, raising a question of law for which our standard of review is de novo and our scope of review is plenary. ***Commonwealth v. Bartic***, 303 A.3d 124, 131 (Pa. Super. 2023).

"Appellate review of sentences is governed statutorily, by Subchapter G of the Sentencing Code, 42 Pa.C.S. § 9781." ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987). It states, in pertinent part:

> **(b) Allowance of appeal.--**The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a **felony or a misdemeanor** to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.
>
> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(b)-(c) (some emphasis added);[4] *see also* Pa.R.A.P. 902 cmt.[5]

In analyzing this statute, we are guided by the Statutory Construction Act, pursuant to which we must "ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "Every statute shall be construed, if possible, to give effect to all its provisions." *Id.* "When the words of a

_____

[4] Bloomer does not contest the legality of his sentence. *See* 42 Pa.C.S. § 9781(a) ("The defendant or the Commonwealth may appeal as of right the legality of the sentence."). Although the trial court sentenced Bloomer to the statutory maximum term of incarceration, it was within the limit permitted by law. *See* 18 Pa.C.S. § 1105 ("A person who has been convicted of a summary offense may be sentenced to imprisonment for a term which shall be fixed by the court at not more than 90 days.").

[5] The Comment to Rule 902 provides as follows:

> Section 9781 of the Sentencing Code (42 Pa.C.S. § 9781) provides that the defendant or the Commonwealth may file a "petition for allowance of appeal" of the discretionary aspects of a sentence for a **felony or a misdemeanor**. The notice of appeal under this chapter (*see* Pa.R.A.P. 904 (content of the notice of appeal), in conjunction with the requirements set forth in Pa.R.A.P. 2116(b) and 2119(f), operates as the "petition for allowance of appeal" under the Sentencing Code. No additional wording is required or appropriate in the notice of appeal.
>
> In effect, the filing of the "petition for allowance of appeal" contemplated by the statute is deferred by these rules until the briefing stage, where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner. *See* Pa.R.A.P. 2116(b) and note; Pa.R.A.P. 2119(f) and note.

Pa.R.A.P. 902 cmt. (emphasis added).

- 11 -

statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* § 1921(b). "Generally, the best indication of the General Assembly's intent may be found in the plain language of the statute. In this regard, it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include." *Commonwealth v. Wright*, 14 A.3d 798, 814 (Pa. 2011) (cleaned up). We must therefore not only "listen attentively to what a statute says," but also "listen attentively to what it does not say." *Id.* (citation omitted).

The plain language of section 9781(b) is clear: a request for review of a discretionary sentencing claim may be brought by either party to the appeal following a conviction of a felony or misdemeanor. *See* 42 Pa.C.S. § 9781(b). Notably absent from the provision is a statement permitting a petition for allowance of appeal of a discretionary sentencing claim to be brought following a conviction of a summary offense.

The statute continues, providing the circumstances wherein this Court may vacate the sentence imposed. *See id.* § 9781(c). Each basis for vacatur is premised upon the trial court's application of, or failure to apply, the sentencing guidelines—an erroneous application, a clearly unreasonable application, or an unreasonable sentence imposed outside the guideline

range.[6]  ***See id.***  Notably, however, "the sentencing guidelines do not apply to summary offenses … and therefore provide no basis on which to conclude that the sentence was an abuse of discretion."  ***Collins***, 286 A.3d at 779 (citing 204 Pa.Code. § 303.1(a)).[7]  As such, there is no basis under the law that this Court could vacate a discretionary sentencing claim for a summary conviction.

Based upon the plain language of the statute—heeding both what subsections (b) and (c) say and what the provisions omit—it is clear that the General Assembly did not provide for this Court's review of discretionary sentencing claims for summary convictions.

Our research reveals no published decision by this Court that has conducted a statutory analysis of section 9781 as it pertains to the appealability of the discretionary aspects of a summary sentence.  In

---

[6]  "The sentencing guidelines were promulgated by the Pennsylvania Commission on Sentencing to be considered by and to aid courts in imposing sentences."  ***Commonwealth v. Walls***, 926 A.2d 957, 961 n.3 (Pa. 2007) (citation omitted).  They are to serve as "a benchmark for the judges of Pennsylvania," providing "a range of recommendations for the typical offender" that is "proportionate to the severity of the crime and the severity of the offender's prior conviction record."  204 Pa.Code § 303.11(a).  The guidelines aim to promote "uniformity, certainty, and fairness in sentencing."  ***Walls***, 926 A.2d at 964.  "While courts are required to consider the guidelines at sentencing, Pennsylvania's sentencing guidelines are advisory[.]"  204 Pa.Code § 303.11(a) (citing ***Walls***,926 A.2d at 964).

[7]  In relevant part, subsection (a) provides that "[t]he court shall consider the sentencing guidelines in determining the appropriate sentence for offenders convicted of, or pleading guilty or nolo contendere to, **felonies and misdemeanors**."  204 Pa.Code § 303.1(a) (emphasis added).

*Commonwealth v. Winters*, 733 WDA 2018, 2019 WL 4733473 (Pa. Super. Sept. 27, 2019) (non-precedential decision),[8] this Court acknowledged that section 9781(b) of the Sentencing Code does not contemplate discretionary sentencing challenges for summary offenses. *Id.* at *3 n.3. Additionally, although recognizing "the incongruity inherent in analyzing a summary conviction under a framework derived from 42 Pa.C.S.[] § 9781," we nonetheless considered the discretionary aspects of Winters' sentence imposed for a summary conviction of driving while operating privileges were suspended. *Id.* at *1, 3-4 & n.3. We explained that we felt "obligated to do so under the constraints of precedent, the factual circumstances [of the case], and in the absence of objection to such analysis by either party." *Id.* at *3 n.3. We believed we were bound by our Supreme Court's decision in *Tuladziecki*,[9] and this Court's decisions in *Commonwealth v. Kraft* and *Commonwealth v. Barzyk*. *Winters*, 2019 WL 4733473, at *3 n.3.

_____

[8] Non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

[9] *Tuladziecki* is the seminal case discussing the mandatory nature of Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure, which provides as follows:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument

*(Footnote Continued Next Page)*

- 14 -

Beginning with ***Tuladziecki***, the ***Winters*** Court focused on the following language to support its consideration of the appellant's claim:

> [W]e find it significant that Section 9781(b) specifies that allowance of appeal of the discretionary aspects of sentence may be granted "where it appears that there is a substantial question that the sentence imposed is not appropriate *under this chapter.*" The chapter referred to is, of course, the entire Sentencing Code.

***Tuladziecki***, 522 A.2d at 20 (emphasis in original). Reviewing the above-quoted language in context, however, we are constrained to disagree that ***Tuladziecki*** supports our consideration of a summary discretionary sentencing claim.

At issue in ***Tuladziecki*** was the Commonwealth's failure to include in its brief a Pa.R.A.P. 2119(f) statement as to why its appeal of the discretionary aspects of the sentence should be allowed, and Tuladziecki objected to its absence. ***Tuladziecki***, 522 A.2d at 19. Recognizing the requirement that the appellant raise a substantial question in accordance with section 9781(b) to invoke this Court's jurisdiction, our High Court made clear that our consideration of the Rule 2119(f) statement was required under the circumstances prior to examining and ruling upon the merits of the sentencing claim. ***Id.*** Otherwise, the Court found, the appellant would effectively obtain an appeal as of right from the discretionary aspect of a sentence, in

---

on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

contravention of the language of section 9781(b). *Id.* Importantly, the *Tuladziecki* Court observed that "an enlargement of the appeal rights of a party cannot be accomplished by rule of court" and as such, "it is essential that the rules of procedure governing appeals such as this [discretionary aspects of sentence claim] be followed precisely." *Id.*

In mandating that appellants present separately in their briefs a Rule 2119(f) statement, our Supreme Court explained that "important concerns of substance" guided its decision:

> In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases. In this regard we find it significant that Section 9781(b) specifies that allowance of appeal of the discretionary aspects of sentence may be granted "where it appears that there is a substantial question that the sentence imposed is not appropriate *under this chapter.*" (Emphasis added). The chapter referred to is, of course, the entire Sentencing Code.

*Id.* at 19-20 (emphasis in original).

*Tuladziecki* did not involve a summary offense conviction and as such, the first sentence of section 9781(b), limiting petitions for allowance of appeal to felonies and misdemeanors, was not at issue. In other words, the *Tuladziecki* Court did not address whether section 9781(b) permitted an appellant to file a petition for allowance of appeal of the discretionary aspects of a sentence for a summary offense. Accordingly, we are not persuaded by

*Winters*' analysis that *Tuladziecki* permits our review of discretionary sentencing claims for summary offenses.

*Winters* further found it was bound by this Court's prior decisions in *Kraft* and *Barzyk*. *See Winters*, 2019 WL 4733473, at *3 n.3 (citing *Commonwealth v. Kraft*, 737 A.2d 755, 757 (Pa. Super. 1999); *Barzyk*, 692 A.2d at 216). We acknowledge, as *Winters* did, that in both cases, this Court addressed appeals of discretionary sentencing claims for summary convictions utilizing the framework provided by section 9781(b). In each case, however, the Court did so without analysis or consideration of the applicability of section 9781(b).

In *Kraft*, this Court addressed whether an appellant sentenced to ninety days of incarceration for her summary conviction of driving while under suspension raised a substantial question that the sentence imposed was not appropriate under section 9781(b). The Court concluded that two of her claims did not raise a substantial question and the third had no merit. *Kraft*, 737 A.2d at 756-57. Similarly, in *Barzyk*, we held that an appellant sentenced to thirty days of incarceration for his summary harassment conviction failed to raise a substantial question under section 9781(b). *Barzyk*, 692 A.2d at 216-17. Both *Kraft* and *Barzyk* cited to *Tuladziecki*, but did so for the proposition that the right to appeal from a discretionary aspect of a sentence is not absolute and must raise a substantial question that the sentence was not appropriate. *See Kraft*, 737 A.2d at 756; *Barzyk*, 692

A.2d at 216. Neither case discussed whether section 9781(b) applies to summary offenses.

Since **Winters**, this Court has continued, without discussion of the limiting language of section 9781(b), to consider discretionary sentencing claims raised following a summary conviction. **See, e.g., Collins**, 286 A.3d at 778-80 (allowing challenge to the discretionary aspects of appellant's fifteen-day jail sentence imposed for two summary harassment convictions, but concluding no relief was due as the trial court's sentence was not based upon bias against the appellant); **Commonwealth v. Stewart**, 1674 MDA 2019, 2020 WL 3263716, at *2-4 (Pa. Super. June 16, 2020) (non-precedential decision) (finding no substantial question raised in challenge to trial court's exercise of discretion for sentence of 20 to 180 days of incarceration imposed for two summary disorderly conduct convictions). In the absence of any consideration of whether section 9781(b) allows discretionary sentencing claims to be brought for summary convictions, these cases are neither precedential nor persuasive here.

We find further support for our reading of section 9781(b) in our recent decision in **Bartic**. There, this Court addressed whether a discretionary sentencing claim was properly before the Court in an appeal from sentences imposed for six indirect criminal contempt convictions that stemmed from violations of a final protection from abuse order issued pursuant to section

6114 of the Protection from Abuse Act.[10]  ***Bartic***, 303 A.3d at 130.  As we do here, the ***Bartic*** Court examined the statutory language of section 9781(b), observing that the statutory provision limits challenges to the discretionary aspects of a sentence to felonies and misdemeanors.  ***Id.*** at 133.  Finding that the crime of indirect criminal contempt under section 6114 is a misdemeanor, we concluded that the appellant was permitted to petition our Court under section 9781(b) for allowance of appeal.  ***Id.*** at 134.  Although a different context, ***Bartic*** confirmed what the plain language of section 9781(b) mandates—that is, petitions for allowance of appeal from the discretionary aspects of a sentence are limited to felonies and misdemeanors.

In light of the foregoing, we conclude that an appellant is not permitted under section 9781(b) of the Sentencing Code to challenge the discretionary aspects of a sentence imposed for a summary offense.  This holding is consistent with the plain language of the statute as well as the ***Tuladziecki*** Court's recognition that "an enlargement of the appeal rights of a party cannot be accomplished by rule of court[.]"  ***Tuladziecki***, 522 A.2d at 19. Accordingly, we deny Bloomer's petition for allowance of appeal of the discretionary aspects of his sentence.

Judgment of sentence affirmed.

_____

[10]  23 Pa.C.S. § 6114.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  12/4/2024